IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT LEE THORNOCK, JR.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DICKEY, et al.,<br><br>　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:18-cv-00033-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 17). On January 26, 2018, *pro se* Plaintiff Robert Lee Thornock, Jr. (Plaintiff) filed his Complaint against Defendants (ECF 4) and was granted leave to proceed *in forma pauperis* (ECF 3). Plaintiff also filed motions for appointment of counsel and service of process, which were denied (ECF 12). Plaintiff has failed to update his address or make any filings in this case since 2018. Before the court is the matter of Plaintiff's failure to prosecute this case.

## I.　　BACKGROUND

On February 5, 2021, the court issued an Order re: Service of Process (ECF 18) (the Order) directing Plaintiff to provide names and addresses for Defendants by March 5, 2021 for the court to effect service of the Complaint. The Order warned Plaintiff that failure to timely provide the requested information may result in dismissal of this action (*Id.*). On the same day, the Order was mailed to Plaintiff at the Cache County Jail (ECF 19), which is the address Plaintiff provided when he submitted a Notice of Change of Address on April 17, 2018 (ECF 13). The Order came back as undeliverable on February 16, 2021 (ECF 19). As of the date of this Report and Recommendation, Plaintiff has not responded to the Order, provided the information requested by the court, or taken any other action in this matter.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, nearly all factors weigh in favor of dismissal. Plaintiff failed to respond to the court's Order. It is not clear if Plaintiff received a hard copy of the Order or whether Plaintiff is still incarcerated at the Cache County Jail. However, it is Plaintiff's responsibility to "immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes." DUCivR 83-1.7(b). Plaintiff previously informed the court of a change of address (ECF 13), yet he has failed to update the court with a current address or make any filings in the last three years. Plaintiff's failure to move this matter along interferes with the

judicial process, and his culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction, and there would be no actual prejudice to Defendants where they have not yet been served. As to the first factor, while the court is unable to confirm whether Plaintiff has received actual notice of the court's prior warning of dismissal, the court finds that the circumstances as a whole warrant dismissal, given that Plaintiff's failure to prosecute is coupled with a failure to abide by the court's Order and local rules of practice.

## RECOMMENDATION

Based on Plaintiff's failure to prosecute this case and abide by the rules and orders of this court, the court **RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. See Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 22 July 2021.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah